BOUTALL, Judge.
Billy Marie Decker appeals a judgment of the District Court affirming the decision of the Board of Review of the Office of Employment Security and dismissing her petition for review.
Petitioner’s original complaint alleged she quit her job as combination secretary-bookkeeper and receptionist complaining that she could not tolerate the harsh and obscene language used, improper accusation of errors, excessive work and harsh working conditions. At the hearing before the appeals referee, she testified that one of the partners of the employer frequently used harsh and obscene language, that on several occasions he “blew up” and accused her of making errors which in fact were not her fault, and that this, coupled with the excessive work piled upon her drove up her blood pressure and caused her to quit.
The finding of fact by the appeals referee in summary found that she had been working for some eight years and normally worked a 32 hour work week; that during the latter part of her employment there were several incidents on the job where one of the partners became angry and used harsh language, however, this was not directed towards her. The two incidents upon which the claimant relied was one on about September 21, 1976 when the claimant was reprimanded by the partner unjustly for an error determined later not to be her fault. However the partner after learning that the claimant was not responsible for the error, apologized to her and she remained on the job until September 29 when another incident occurred whereby a customer’s order was incorrectly completed. The partner again voiced his disapproval by use of harsh words. When the claimant discovered the cause of the error, she brought it to the attention of the fellow employee involved, and another partner then informed her that it was not her place to apprise the other worker of his error. She became extremely upset and quit. The referee noted that the second partner did not use harsh words or reprimand her. He further noted that although she testified that the latter two incidents made her extremely upset and nervous, she was not advised by her physician to leave her job for this reason. The referee concluded that she was not wilfully harassed by the employer or induced or forced by the employer to resign, and then disqualified her for compensation for leaving employment without good cause connected with the work. R.S. 23:1601(1).
The scope of judicial review is set forth in R.S. 23:1634 stating in part:
“In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.”
We believe there is sufficient evidence in the record to justify the findings in this *1327 case. In considering the record, one is presented with a picture of growing dissatisfaction with her job by an employee who labored sincerely in the best interest of her employers, and who was, after the death of the managing partner three years prior, subjected to the varying personalities of the surviving partners. Her dissatisfaction came to a crisis upon being accused of errors she did not make, and she voluntarily resigned. We do not mean to say that the claimant was not upset and nervous because of the conditions at the place of employment. However, we note that although the claimant now contends that it was for medical reasons that she was required to quit, her initial claim did not state that she left because of personal illness. It was not until the hearing before the appeals referee that she sought to introduce evidence of that nature in the form of a notation from Dr. MeCurley that she was under his care for hypertension periodically, together with a statement from his office which indicated some treatment in 1975, but none in 1976 until October 26, a month after her quitting.
Finding sufficient evidence to support the decision appealed, we affirm the judgment of the District Court.

AFFIRMED.

GULOTTA, J., dissented with reasons.